UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT WANDRIE and
THYRA WANDRIE,

       Plaintiffs,                     Case No. 2:25-cv-12238

v.                                         Honorable Susan K. DeClercq
                                            United States District Judge

PLANET HOME LENDING, LLC,

       Defendant.
_____/

**ORDER DENYING PLAINTIFFS'** *EX PARTE* **MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 3)**

On July 22, 2025, Scott and Thyra Wandrie, proceeding without an attorney, sued Planet Home Lending, LLC ("Planet"). ECF No. 1. The Wandries assert various state and federal claims seemingly related to a mortgage issued by Planet. *See id.* At the same time they filed their complaint, the Wandries filed a motion for temporary restraining order, seeking to "[h]alt all foreclosure proceedings," "[s]top debt collections calls/letters," and "[f]reeze credit reporting related to disputed mortgage." ECF No. 3 at PageID.25.

To date, there is no indication that the Wandries have attempted to serve the motion for TRO on Planet, nor has Planet appeared in the case. This means that the Wandries proceed *ex parte* on their motion for TRO—that is, without written or oral notice to the adverse party.

Civil Rule 65 governs motions for temporary restraining orders. It states that courts "may issue a temporary restraining order without written or oral notice to the adverse party" only when:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1)(A)–(B).

The Wandries have not complied with either of these requirements. First, as it stands, they have not articulated specific facts in an affidavit or verified complaint that immediate irreparable injury or loss will occur *before notice can be given to Planet*. FED. R. CIV. P. (b)(1)(A). Although the Wandries' motion for TRO is accompanied by an affidavit, and the affidavit suggests that Planet is "threatening foreclosure," the Wandries provide no facts establishing *when* any such foreclosure is scheduled to occur. For this reason, this Court cannot determine whether the alleged injury—foreclosure—will occur before notice can be given to Planet. Accordingly, it is not clear that the "danger [of foreclosure] is so immediate to necessitate a TRO without an opportunity for the Defendants to be heard." *Jackson v. U.S. Bank Loan Serv.*, No. 09-12716, 2009 WL 2447485, at *3 (E.D. Mich. Aug. 6, 2009).

Second, the Wandries have failed to "certif[y] in writing any efforts made to give notice [of their motion] and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1)(B). Indeed, the Wandries have provided no evidence of any efforts to notify Planet of this case or motion, and they have not given any reason why notice should not be required. *See Wiggins v. Nationstar Mortg. LLC*, No. 14-CV-12680, 2014 WL 3400911, at *1 (E.D. Mich. July 10, 2014).

In sum, the Wandries have not complied with either procedural requirement of Civil Rule 65(b)(1), so their motion for TRO will be denied. *See Moore v. U.S. Ctr. for SafeSport*, 685 F. Supp. 3d 490, 495 (E.D. Mich. 2023) (denying motion for temporary restraining order because Civil Rule 65(b)(1) was not satisfied) (collecting cases).

Accordingly, it is **ORDERED** that Plaintiffs' Motion for Temporary Restraining Order, ECF No. 3, is **DENIED**.

**This is not a final order and does not close the above-captioned case**.

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 25, 2025