UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT WANDRIE and
THYRA WANDRIE,

       Plaintiffs,

v.

PLANET HOME LENDING, LLC,

       Defendant.
_____/

Case No. 2:25-cv-12238

Honorable Susan K. DeClercq
United States District Judge

## ORDER DENYING PLAINTIFFS' *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 10)

### I. BACKGROUND

On July 22, 2025, Scott and Thyra Wandrie, proceeding without an attorney, sued Planet Home Lending, LLC ("Planet"), asserting various state and federal claims seemingly related to a mortgage held by Planet. ECF No. 1.

At the same time they filed their complaint, the Wandries filed an *ex parte* motion for temporary restraining order ("TRO"), seeking to "[h]alt all foreclosure proceedings," "[s]top debt collections calls/letters," and "[f]reeze credit reporting related to disputed mortgage." ECF No. 3 at PageID.25. This Court denied the Wandries' *ex parte* motion for failure to comply with the procedural requirements set forth in Civil Rule 65(b)(1). *See* ECF No. 8. A few days later, the Wandries refiled their motion for TRO, representing that they have now complied with Rule 65. ECF

No. 10. The renewed motion for TRO seeks to enjoin a foreclosure auction for a property located in Chesterfield, Michigan, which appears to be the Wandries' house. *Id.* at PageID.40. The foreclosure auction is scheduled to occur on August 8, 2025. *Id.*

As explained below, the Wandries have not carried their heavy burden of showing that a TRO is warranted here, and so their motion will be denied.

## II. LEGAL STANDARD

A TRO is an "extraordinary remedy" that should be granted only if the movant demonstrates that the circumstances "clearly demand" it. *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In deciding whether to issue a TRO, courts must balance four factors:

(1) whether the movant is likely to succeed on the merits,
(2) whether the movant will suffer irreparable harm absent a TRO,
(3) whether the balance of hardships favors the movant, and
(4) whether issuing the TRO would serve the public interest.

*Id.*

Although no one factor controls in every case, "a finding that there is simply no likelihood of success on the merits is usually fatal" to a plaintiff's motion for TRO. *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). The same is true if a plaintiff fails to establish irreparable harm. *See CLT Logistics v. River West Brands*, 777 F. Supp. 2d 1052, 1064 (E.D. Mich. 2011).

## III. DISCUSSION

### A. Likelihood of Success on the Merits

Here, the Wandries have not demonstrated that they are likely to succeed on the merits of any of their various claims. Many of their claims have no basis in law. And neither the complaint nor the motion for TRO contain enough factual allegations for this Court to find the Wandries' claims viable in any way.

***Claim for Unenforceable Loan***. The Wandries first bring a claim for "unenforceable loan," arguing that because the mortgage was fully guaranteed by the federal government, it is therefore unenforceable by the lender. ECF No. 1 at PageID.3. The Wandries cite no legal authority for such a proposition, nor could the Court locate any. Because the Wandries have not shown that this claim has any basis in law, they are unlikely to succeed on the claim's merits.

***Claim for Violation of Contract Law***. The Wandries also bring a claim for violations of "contract law." ECF No. 1 at PageID.3. They allege that "a valid contract requires two signatures and equal consideration," and that "the mortgage lacked mutual assent and was unconscionable." *Id.* But unconscionability is a legal conclusion that this Court need not accept as true. *See Plymouth Pointe Condo. Ass'n v. Delcor Homes-Plymouth Pointe, Ltd.*, No. 233847, 2003 WL 22439654, at *2 (Mich. Ct. App. Oct. 28, 2003). And the Wandries have not alleged any facts suggesting that there was no mutual assent. In any event, both lack of mutual assent

and unconscionability are defenses to contract enforcement, and do not alone provide a cause of action upon which plaintiffs may sue. The Wandries are therefore unlikely to succeed on the merits of their contract-law claims.

***Claims for Extortion and Violation of Due Process***. The Wandries bring a claim under 18 U.S.C. § 894, alleging "extortion." ECF No. 1 at PageID.3. But 18 U.S.C. § 894 is a federal criminal statute, which does not create a private, civil cause of action under which the Wandries may sue. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003). The Wandries therefore cannot succeed on the merits of this claim. *See id.*

The Wandries also allege due-process violations under the Fifth and Fourteenth Amendments to the United States Constitution, based on Planet allegedly threatening foreclosure "without court order." ECF No. 1 at PageID.3. But the Wandries' own exhibit clarifies that the foreclosure at issue is a "foreclosure by advertisement" under MICH. COMP. LAWS § 600.3201 *et seq. See* ECF No. 10 at PageID.45–46. And critically, "foreclosure by advertisement is not a judicial action and does not involve state action for purposes of the Due Process Clause, but rather is based on contract between the mortgagor and the mortgagee." *Cheff v. Edwards*, 513 N.W.2d 439, 441 (Mich. Ct. App. 1994); *see also Northrip v. Fed. Nat. Mortg. Ass'n*, 527 F.2d 23, 28–29 (6th Cir. 1975) (holding that Michigan's foreclosure-by-advertisement statute does not implicate due-process rights). For these reasons, the

Wandries are unlikely to succeed on the merits of their federal due-process claim. *See Northrip*, 527 F.2d at 28–29.

***Claim for "Separation of Deed Doctrine" Violation***. The Wandries also claim that "[t]he 'debt' was separated from the deed at inception, rendering foreclosure void." ECF No. 1 at PageID.3. Seemingly, this is an attempt to invoke a "note-splitting" theory, which proposes that separating a note from the mortgage extinguishes the right to foreclose. But such theories have been debunked many times over by both state and federal courts in Michigan. *See Ross v. Wells Fargo Bank, N.A.*, No. 14-CV-627, 2014 WL 5390659, at *4 (W.D. Mich. Oct. 22, 2014) (collecting cases); *Residential Funding Co. v. Saurman*, 805 N.W.2d 183, 184 (Mich. 2011) (rejecting theory that separating note from mortgage extinguishes right to foreclose). The Wandries therefore cannot succeed on the merits of any such legal theory.

***Claim for RICO Violation***. The Wandries also claim a violation of the federal RICO statute, 18 U.S.C. § 1962. ECF No. 1 at PageID.3–4. To state a RICO claim, the Wandries must plausibly allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006). But the Wandries offer no factual basis to suggest the existence of any enterprise. Nor do they describe any specific racketeering acts or offer any details about the supposed scheme (such as when or how it occurred) besides stating

generally that "false statements" were made. Rather, all the Wandries allege is that "Defendant engaged in a pattern of racketeering" through "[m]ail/wire fraud (false statements)" and "[b]ooking of accounts under false pretenses." ECF No. 1 at PageID.3–4. Such allegations, however, are wholly conclusory and fail to plausibly allege a RICO violation. The Wandries therefore are unlikely to succeed on the merits of their federal RICO claim.

***Claims for Fair Debt Collection Practices Act Violations***. The Wandries also attempt to bring claims under the Fair Debt Collection Practices Act. ECF No. 1 at PageID.4. They first allege that Planet "[m]isrepresented debt validity" under 15 U.S.C. § 1692e, which prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." But a plausible claim under § 1692e requires plaintiffs to allege a "*materially* false or misleading statement," *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012), and the Wandries have alleged *no* specific statement by Planet or why such a statement is *materially* false or misleading.

The Wandries further allege that Planet violated § 1692f(6) by threatening a "non-judicial seizure." ECF No. 1 at PageID.4. But under § 1692f(6), plaintiffs must show that one of the following is true:

> (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>
> (B) there is no present intention to take possession of the property; or

  (C) the property is exempt by law from such dispossession or disablement.

The Wandries have not alleged any facts suggesting that any of these conditions were met. Their failure to do so means that they are unlikely to succeed on the merits of their FDCPA claims.

  ***Claims for "Indigenous Sovereignty" and "Privacy Act Violations."*** The Wandries also allege that Planet "ignored [their] Durable power of attorney, infringing on tribal self-governance." ECF No. 1 at PageID.4. But the Wandries neither identify any law that Planet allegedly violated by ignoring this "power of attorney," nor state what legal basis they have for such a cause of action. Further, the reference to "tribal self-governance" is too vague to permit any meaningful evaluation by this Court. Ultimately, it is impossible to discern a plausible legal theory from these allegations, meaning the Wandries are unlikely to succeed on the merits of these claims.

  The same is true for the Wandries' allegations that Planet "unlawfully accessed [their] personal data without consent." Again, the Wandries identify no statutory or common-law basis for such a claim. And they do not allege, for example, what data Planet accessed, when or how the alleged access occurred, or what made Planet's access unlawful. Again, on such threadbare allegations, the Wandries cannot succeed on the merits of this claim.

***Claims Related to Assignment of Mortgage***. The Wandries' last three claims appear to relate to the fact that the mortgage was assigned to Planet. *See* ECF No. 1 at PageID.4–5. They argue they never entered into a contract with Planet, that any alleged assignment is fraudulent, and that Planet never loaned them any money but nonetheless seeks to profit from "illegal debt collection." *Id.* But these arguments lack any legal basis, as mortgages may be assigned under Michigan law. *Arnold v. DMR Fin. Servs., Inc.*, 532 N.W.2d 852, 854 n.2 (Mich. 1995) ("[A] mortgagee's interests under a mortgage is a property interest that may be assigned."). And the Wandries have not alleged any facts suggesting why they believe the alleged assignment to be fraudulent. They are therefore unlikely to succeed on the merits of these claims.

In sum, the Wandries have not carried their burden of showing that they are likely to succeed on the merits of any of their claims. This conclusion weighs heavily against granting their motion for TRO. *See Gonzales*, 225 F.3d at 625.

### B. Irreparable Harm

The Wandries also argue that they will suffer irreparable harm, including loss of home ownership, if the foreclosure auction is not enjoined. ECF No. 10 at PageID.40. Certainly, the loss of one's house would constitute an injury. However, that injury would not necessarily be irreparable, given that Michigan's foreclosure laws provide a right of redemption for defaulting mortgagors like the Wandries. *See*

MICH. COMP. LAWS § 600.3240(8); *Bay Valley Mortg. Lender, LLC v. McKind*, No. 08-cv-11372, 2008 WL 1766654, at *1 (E.D. Mich. Apr. 16, 2008) (finding no irreparable injury given Michigan's statutory right of redemption). The Wandries have thus not demonstrated irreparable harm.

## IV. CONCLUSION

In sum, the Wandries have not shown that they are entitled to a TRO. In part, that is because they are unlikely to succeed on the merits of any of their claims. Some of their claims fail as a matter of law, and some of their claims are too barebones and conclusory to have any chance at success. Further, the Wandries have not sufficiently demonstrated that the alleged impending injury would be irreparable. For these reasons, the Wandries have not carried their heavy burden of showing that a TRO is proper. *Overstreet*, 305 F.3d at 573.

Accordingly, it is **ORDERED** that Plaintiffs' Motion for a Temporary Restraining Order, ECF No. 10, is **DENIED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: August 7, 2025