UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT WANDRIE and
THYRA WANDRIE,

       Plaintiffs,

v.

PLANET HOME LENDING, LLC,

       Defendant.
_____/

Case No. 2:25-cv-12238

Honorable Susan K. DeClercq
United States District Judge

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DENYING *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 14)

### I. BACKGROUND

On August 7, 2025, this Court denied Scott and Thyra Wandrie's second motion for a temporary restraining order (TRO) to enjoin a foreclosure auction of the Wandries' house in Chesterfield, Michigan. ECF No. 11. This Court denied their motion because "the Wandries ha[d] not carried their heavy burden of showing that a TRO is warranted here." *Id.* at PageID.48.

Less than two weeks later, the Wandries filed a motion asking this Court to reconsider its order denying their request for a TRO. ECF No. 14. In their *pro se* motion, the Wandries claim to present what they characterize as "newly discovered evidence warranting injunctive relief." *Id.* at PageID.60. They also contend that, in

1

denying their motion for a TRO, this Court erroneously applied both law and fact. *Id.* In addition to requesting that this Court vacate its previous order and instead grant the TRO, the Wandries ask this Court to (1) "declare [the] debt rescinded and [the] foreclosure void," (2) order Defendant to produce certain documents, and (3) take judicial notice of Plaintiffs' "durable power of attorney." *Id.* at PageID.62. Further, they ask that this Court sanction Defendant under Section 1692k of the Fair Debt Collection Practices Act. *Id.* at PageID.63.

For the reasons discussed below, this Court will deny the Wandries' motion for reconsideration.

## II. LEGAL STANDARD

Local Rule 7.1(h)(2) governs motions for reconsideration of a nonfinal order. It states:

> Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2).

### III. DISCUSSION

The Wandries allege both that this Court made a mistake and that newly discovered facts warrant a different outcome. *See* ECF No. 14. However, as explained below, this Court did not make a mistake and the alleged "new facts" the Wandries offer are not grounds for reconsideration because they could "have been discovered with reasonable diligence before the prior decision." E.D. Mich. LR 7.1(h)(2)(C).

#### A. Mistake

To succeed under Local Rule 7.1(h)(2)(A), a movant must demonstrate "(1) that the court made a mistake, (2) that correcting the mistake changes the outcome of the prior decision, and (3) that the mistake was based on the record and law before the court at the time of its prior decision." *Hillman Power Co. v. OnSite Equip. Maint., Inc.*, 582 F. Supp. 3d 511, 514 (E.D. Mich. 2022) (citing E.D. Mich. LR 7.1(h)(2)(A)).

This Court previously made two findings fatal to the Wandries' motion for a TRO. First, this Court found: "Many of their claims have no basis in law. And neither the complaint nor the motion for TRO contain enough factual allegations for this Court to find the Wandries' claims viable in any way." ECF No. 11 at PageID.49. Second, this Court found that the Wandries did not show that the then-impending

foreclosure auction would necessarily result in irreparable harm. *Id.* at PageID.54–55.

The Wandries' motion for reconsideration suffers from those same deficits. Rather than cure those deficiencies, the Wandries again contend, in conclusory fashion, that the foreclosure was unlawful under a variety of authorities. *See, e.g.*, ECF No. 14 at PageID.61 (asserting that this Court "erred by ignoring th[e] binding precedent" established in *Bull v. United States* 295 U.S. 247 (1935) and arguing that "12 U.S.C. § 83(b): Prohibits usurious interest; Defendant's loan terms violate this."). The Wandries have also failed to argue that this Court erred by concluding that they did not demonstrate irreparable harm.

In short, the Wandries have not carried their burden of showing that this Court has made a mistake or that new facts warrant a different outcome.[1]

## B. Newly Discovered Facts

To succeed under Local Rule 7.1(h)(2)(C), a movant must point to "new facts" that "warrant a different outcome" and were not discoverable "with reasonable diligence before the prior decision." E. D. Mich. LR 7.1(h)(2)(C).

The Wandries allege there is "newly discovered evidence warranting injunctive relief." ECF No. 14 at PageID.60. But the motion does not actually

---

[1] The Wandries do not argue for reconsideration under a change of law E.D. Mich. LR 7.1(h)(2)(B). But even if they had, there is no intervening change to warrant reconsideration of this claim.

specify any new facts that would warrant a different outcome. Instead, the Wandries' motion for reconsideration presents merely a litany of authorities and legal conclusions. This does not satisfy Rule 7.1(h)(2)(C). Further, by doubling down in this manner, the Wandries' factual allegations remain too barebones, conclusory, or vague for this Court to grant the relief they seek.

### III. CONCLUSION

Accordingly, it is **ORDERED** that the Wandries' Motion for Reconsideration, ECF No. 14, is **DENIED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: September 30, 2025