UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT WANDRIE, and
THYRA WANDRIE,

          Plaintiffs,

v.

PLANET HOME LENDING, LLC,

          Defendant.

_____/

Case No. 2:25-cv-12238

Honorable Susan K. DeClercq
United States District Judge

**ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (ECF No. 37)**

In July 2025, Plaintiffs Scott and Thyra Wandrie ("the Wandries"), proceeding *pro se*, sued Defendant Planet Home Lending, LLC ("Planet"), alleging several federal and state law violations regarding a mortgage loan. Since then, the Wandries have filed two motions for temporary restraining orders (TROs) to halt their mortgage foreclosure proceedings, both of which have been denied. Now, for the third time, the Wandries again seek a TRO and a preliminary injunction (PI) to halt a mortgage foreclosure sale they allege will occur on February 6, 2026. But, as explained below, their motion will be denied because they have not shown irreparable harm.

## I. BACKGROUND

On July 22, 2025, the Wandries filed a complaint against Planet alleging several federal and state law violations regarding a mortgage loan. ECF No. 1. On the same date, Plaintiffs filed their first motion for an emergency TRO to halt foreclosure proceedings, stop debt collection efforts, and freeze credit reporting related to the disputed mortgage. ECF No. 2. This Court denied their motion for failure to comply with either procedural requirement of Civil Rule 65(b)(1). ECF No. 8.

On August 1, 2025, Plaintiffs filed their second motion for a TRO to stop an auction of their property scheduled for August 8, 2025. ECF No. 10. This Court denied their second TRO because they were unlikely to succeed on the merits of any of their claims and had not sufficiently demonstrated that the alleged impending injury would be irreparable. ECF No. 11. On August 19, 2025, less than two weeks later, Plaintiffs filed a motion asking this Court to reconsider its order denying their second motion for a TRO. ECF No. 14. This Court denied their motion for reconsideration because the Wandries did not show that this Court made a mistake or that new facts warranted a different outcome. ECF No. 22.

Before this Court is Plaintiffs' third motion for a TRO and PI seeking to halt foreclosure proceedings. ECF No. 37. The Wandries seek an order enjoining Defendant from conducting any foreclosure sale of their property located in

Chesterfield, Michigan. *Id.* at PageID.309. They allege that they are entitled to emergency relief due to the "imminent and irreparable nature" of their home's scheduled foreclosure on February 6, 2026, after which their right to possession and title "will be extinguished, resulting in immediate, irreversible, and irreparable harm." *Id.* at PageID.306. For the reasons explained below, the Court will deny Plaintiffs' motion for a TRO and PI.

## II. LEGAL STANDARD

"Temporary restraining orders and preliminary injunctions are extraordinary remedies" that should be granted only if the movant demonstrates that the circumstances "clearly demand" it. *Koetje v. Norton*, No. 13-12739, 2013 WL 8475802, at *2–3 (E.D. Mich. Oct. 23, 2013); *see also Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To determine whether to issue a TRO or a PI, courts consider the same four factors:

> (1) the movant's likelihood of success on the merits,
> (2) any irreparable injury to the movant without the injunction,
> (3) whether the balance of hardships favors the movant, and
> (4) whether the injunction would be adverse to the public interest.

*Muffler Man Supply Co. v. TSE Auto Serv., Inc.*, 739 F.3d 598, 602 (E.D. Mich. 2024) (citing *Overstreet*, 305 F.3d at 573). "The standard for issuing a temporary restraining order is logically the same as for a preliminary injunction with emphasis, however, on the irreparable harm given that the purpose of a temporary restraining order is to maintain the status quo." *ABX Air, Inc. v. Int'l Bhd. of Teamsters*, 219 F.

- 3 -

Supp. 3d 665, 670 (S.D. Ohio 2016).

Although district courts must balance these four factors, the movant's failure to establish either of the first two factors—a likelihood of success on the merits or irreparable harm—is usually fatal. See *CLT Logistics v. River West Brands*, 777 F.Supp.2d 1052, 1064 (E.D. Mich. 2011); *see also Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). "It follows that a district court need not address all the preliminary injunction factors where fewer are dispositive of the issue." *Id.* Whether to grant a TRO or PI is a matter within the sound discretion of the district court. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007); *see also Dorsey v. Wilmington Savs. Fund Soc'y, FSB*, No. 24-10325, 2024 WL 1700992, at *3 (E.D. Mich. Feb. 29, 2024).

### III. DISCUSSION

Here, the Wandries have not shown that they will suffer an "immediate and irreparable injury" absent the injunctive relief sought here. FED. R. CIV. P. 65(b)(1)(A). The Wandries allege that their homestead is scheduled for foreclosure sale on February 6, 2026, and conclude that after the foreclosure sale occurs, their right to possession and title "will be extinguished, resulting in immediate, irreversible, and irreparable harm." ECF No. 37 at 306. To the contrary, Plaintiffs have a six-month statutory period from the date of the sale to challenge the foreclosure of their home. *See* MICH. COMP. LAWS § 600.3140. Therefore, while the

loss appears imminent, it is not irreversible nor irreparable. As a result, the Wandries do not allege specific facts to show *irreparable* injury. *See* Jackson *v. US Bank Loan Servicing*, No. 09-12716, 2009 U.S. Dist. LEXIS 68844, at *7-8 (E.D. Mich. Aug. 6, 2009) ("Michigan law allows for a six-month redemption period for Plaintiff to regain title to his property. Thus, even if Plaintiff has lost his home through the alleged actions of Defendants, Plaintiff still has a statutory right to redeem his property and re-occupy the residence."); *see also Simpson v. Freedom Mortg. Corp.*, No. 2:25-cv-13232, 2025 LEXIS 534443, at *6 (E.D. Mich. Dec. 8, 2025) ("Michigan law's six-month redemption period provides the Simpsons with time to exercise their statutory right to redeem the Property…Therefore, their property loss is not yet irreparable under Mich. Comp. Laws § 600.3140.").

Moreover, even after the expiration of the redemption period, a completed foreclosure sale may be set aside upon a clear showing of fraud, mistake, or irregularity in the foreclosure process itself. *See Khoshiko v. Deutsche Bank Tr. Co. Ams.*, 574 F. App'x 539, 540–41 (6th Cir. 2014) ("[U]nder Michigan law, a non-judicial foreclosure may be set aside after the expiration of the six-month redemption period only upon a clear showing of fraud or irregularity 'relate[d] to the foreclosure procedure itself.'" (citations omitted)).

Accordingly, the Wandries have not alleged specific facts showing that an *irreparable* harm will occur from the foreclosure sale of their property. And because

a finding that they have not shown irreparable harm is usually fatal for a TRO or PI, this Court will deny the motion. See *CLT*, 777 F.Supp.2d at 1064.[1]

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiffs' Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 37, is **DENIED**.

Further, it is **ORDERED** that Plaintiffs are **WARNED** that they may be subject to sanctions under Civil Rule 11(c) if they file any further motions for preliminary injunctive relief based on grounds already rejected by this Court in this case. *See* FED. R. CIV. P. 11; *See* ECF Nos. 11, 38 (this order).

**IT IS SO ORDERED.**

**This is not a final order and does not close the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: February 5, 2026

---

[1] Moreover, the Wandries have not demonstrated a strong likelihood of success on the merits, which is similarly fatal to their claims. *See Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). Indeed, their third attempt to halt foreclosure proceedings rests on the same grounds already rejected by this Court, *see* ECF No. 11 at PageID.49–55, including their conclusory references to their arguments in their "substantive motion to Dismiss," *see* ECF No. 37 at PageID.306.