UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT WANDRIE and
THYRA WANDRIE,

            Plaintiffs,

v.

PLANET HOME LENDING,
LLC,

            Defendants.
_____/

Case No. 25-cv-12238
District Judge Susan K. DeClercq
Magistrate Judge Anthony P. Patti

## ORDER REQUIRING PLAINTIFF TO FILE A CERTIFICATION IN COMPLIANCE WITH FED. R. CIV. P. 11(A)

Plaintiffs Scott and Thyra Wandrie filed this action *in pro per* on July 22, 2025 against Planet Home Lending.  Although Plaintiff Thyra Wandrie signed the complaint, Scott Wandrie did not. (ECF No. 1, PageID.5.)

The case was assigned to Judge Susan K. DeClercq, who referred the case to me "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 9, PageID.38.)

Federal Rule of Civil Procedure 11 states that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the

attorney's name—*or by a party personally if the party is unrepresented*.  The paper must state the signer's address, e-mail address, and telephone number."  Fed. R. Civ. P. 11(a) (emphasis added).  The complaint includes one email address, one home address, and two telephone numbers, without specifying to which Plaintiff each piece of contact information applies.  (ECF No. 1, ECF No. 1, PageID.5.)

Plaintiff Scott Wandrie's signature is required to meet his obligations under Rule 11:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

The Rule provides that "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's

2

attention." Fed. R. Civ. P. 11(a). Thus, **ON OR BEFORE Friday, May 1, 2026,** Plaintiffs are **ORDERED** to submit a signed statement certifying that the complaint has been submitted for purposes consistent with their Rule 11 obligations. The certification must be signed by both parties personally and must, additionally, detail the exact phone number for each Plaintiff and an email address for each Plaintiff. The Court presumes that the address listed on the complaint and docket applies to both Plaintiffs but, if not, then Plaintiffs shall so clarify.

**Going forward, each Plaintiff must sign each and every document submitted to the Court, as neither individual non-attorney party may represent the other in Court without engaging in the unauthorized practice of law**. This is required because, "A non-lawyer may not represent another non-lawyer in connection with a matter pending in federal court. *This is so even if such representation is purportedly authorized by a power of attorney or other agreement.*" *Brown v. Bobbett*, No. 20-1278-JDT-CGC, 2021 WL 982335, at *1 (W.D. Tenn. Mar. 16, 2021) (emphasis added) (citing *Ohio Nat'l Life Assurance Corp. v. Langkau*, No. 2007 WL 1951500, *1 (M.D. Fla. July 2, 2007) (non-lawyer may not represent an otherwise *pro se* litigant, even through a power of attorney); *DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) (power of attorney may not be used to evade prohibition against unauthorized practice of law); *Lutz v. Lavelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991) (party may not

contract with a non-lawyer to represent him in legal proceedings in federal court);

*see also Kapp v. Booker*, No. 05-402-JMH, 2006 WL 385306, at *3 (E.D. Ky. Feb. 16, 2006) (power of attorney gives wife legal standing to assert her husband's claims on his behalf, but "does not authorize her to practice law by representing [him] in a lawsuit: that must still be done by a licensed attorney.")).

Should Plaintiffs fail to meet this deadline, the Court will issue a Report and Recommendation that this case be dismissed for failure to meet Plaintiffs' Rule 11 obligations and failure to prosecute.

**IT IS SO ORDERED.**

Dated: April 17, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE