UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT WANDRIE and
THYRA WANDRIE,

Plaintiffs,

Case No. 2:25-cv-12238

v.

Honorable Susan K. DeClercq
United States District Judge

PLANET HOME LENDING, LLC,

Honorable Anthony P. Patti
United States Magistrate Judge

Defendant.

______________________________/

**OPINION AND ORDER OVERRULING PLAINTIFFS' OBJECTIONS (ECF Nos. 44; 45), ADOPTING REPORT AND RECOMMENDATION (ECF No. 43), GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 23), AND DENYING PLAINTIFFS' MISCELLANEOUS MOTIONS (ECF Nos. 25; 28; 31; 33; 47; 49)**

Plaintiffs Scott and Thyra Wandrie object to Magistrate Judge Anthony P. Patti's Report and Recommendation ("R&R") recommending dismissal of their claims against Planet Home Lending, LLC ("Planet"). As explained below, this Court will overrule the Wandries' objections, adopt the R&R in full, grant Planet's motion to dismiss the case, and deny the Wandries' remaining motions.

## I. BACKGROUND

The Wandries filed this *pro se* action on July 22, 2025. ECF No. 1. The action arises from Planet's foreclosure-by-advertisement proceedings concerning the Wandries' Chesterfield home. *See* ECF No. 1. They allege that Planet conducted a

sheriff's sale on April 10, 2026, and now seek to preserve their opportunity to redeem the property. ECF No. 45 at PageID.388–92. Their Complaint alleges that Planet engaged in fraudulent mortgage practices, threatened foreclosure without judicial process, and lacked authority to collect the debt because the Wandries contend that the mortgage assignment was fraudulent and that they never contracted with Planet. ECF No. 1 at PageID.2–5. The Wandries seek a declaration that the mortgage is void, quiet title to the property, and damages. *Id.* at PageID.5.

In October 2025, Planet moved to dismiss under Civil Rule 12(b)(6). ECF No. 23. The Wandries opposed dismissal through a "Motion to Compel Proof of Standing." ECF No. 28. On June 30, 2026, Magistrate Judge Patti recommended granting Planet's motion, dismissing this action with prejudice, and denying the Wandries' pending motions as moot. ECF No. 43 at PageID.368. The Wandries filed objections and a supplemental objection, ECF Nos. 44, 45, followed by a motion for an oral hearing, ECF No. 47, and an emergency motion to toll the redemption period and amend their complaint, ECF No. 49. The issues are adequately presented in the written filings, and oral argument would not aid this Court's decision, E.D. Mich. LR 7.1(f)(2), so this Court will deny the Wandries' Motion for Oral Hearing, ECF No. 47. For reasons discussed below, this Court will also deny the Wandries' motions and adopt the Report and Recommendation in full.

## II. LEGAL STANDARD

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of the report to which the party has objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court "may accept, reject, or modify the" findings and recommendations. FED. R. CIV. P. 72(b)(3); *see also Peek v. Comm'r of Soc. Sec.*, 585 F. Supp. 3d 1014, 1017 (E.D. Mich. 2021). Moreover, the court may adopt the magistrate judge's report without specifying what it reviewed. *See Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) (collecting cases).

## III. DISCUSSION

### A. The Wandries' Objections (ECF Nos. 44; 45)

The Wandries' first three objections concern rescission under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and *Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. 259 (2015). ECF No. 44 at PageID.372–76. But the Wandries did not assert a TILA-rescission claim in their complaint, and in turn, the R&R did not address one. The R&R neither held that a rescission claim was time-barred nor concluded that a court order was necessary to effect rescission, *see generally* ECF No. 43, but the Wandries' objections attribute these rulings to the R&R and

challenge them. Objections to a report and recommendation are not a substitute for pleading a new claim. *See Odell v. Kalitta Air, LLC*, 107 F.4th 523, 532–33 (6th Cir. 2024) (holding that the plaintiffs forfeited a distinct claim not adequately presented before the magistrate judge issued the R&R). Indeed, the Wandries cannot present new arguments for the first time in objections to an R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (holding that a claim raised after a magistrate judge's final R&R has been waived). These objections therefore are overruled.

The fourth objection repeats the Wandries' contention that, under Michigan law, separation or transfer of the promissory note from the mortgage defeats Planet's enforcement rights. ECF No. 44 at PageID.378–79. Rehashing the same arguments that the magistrate judge addressed does not constitute an appropriate basis for an objection. *See Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (stating that R&R objections that merely restate arguments already presented in the brief are not sufficient or appropriate).

And again, Michigan law rejects the Wandries' premise. *See Residential Funding Co. v. Saurman*, 805 N.W.2d 183, 184 (Mich. 2011). Indeed, the Michigan Supreme Court has explained that the mortgage and note are construed together, and the mortgage's security interest and the beneficial interest in the debt need not be held by the same party. *Id.* Therefore, the fact that Planet did not originate the Wandries' loan does not mean that Planet cannot enforce an assigned mortgage. *See*

*id.* Instead, the mortgage expressly permits transfer of the note and security instrument. ECF No. 23-2 at PageID.155. Plaintiffs' conclusory assertions of an invalid assignment do not state a plausible claim. Therefore, this objection is overruled.

The fifth and sixth objections challenge Magistrate Judge Patti's consideration of the note, mortgage, and assignment attached to Planet's motion to dismiss. *See* ECF No. 43 at PageID.360 n.1. The Wandries contend that, because they dispute the documents' validity, reliance on them resolved factual disputes in Planet's favor and improperly converted the motion into one for summary judgment. ECF No. 44 at PageID.379–83. But because those documents are referenced in the Complaint and central to the Wandries' claims, they may be considered under Rule 12(b)(6) without converting the motion into a summary judgment motion. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). Moreover, the R&R does not depend on resolving the Parties' factual dispute over the assignment. Accordingly, this Court finds no error in the R&R's conclusion that the Wandries' theories fail as a matter of law and that their conclusory labels of fraud and invalidity supply no factual allegations that "nudge[]" their claims "across the line from conceivable to plausible." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). These objections are overruled.

The supplemental objection fares no better. The Wandries emphasize that the April 10, 2026 sheriff's sale preceded the R&R, yet the R&R failed to address it. ECF No. 45 at PageID.388–92. Even accepting that chronology, the Wandries did not raise the fact of the sheriff's sale in their Complaint or in response to Planet's motion to dismiss. The objection, therefore, has been forfeited. *See Odell*, 107 F.4th at 532–33; *Murr*, 200 F.3d at 902 n.1.

**B. The Wandries' Motion to Toll (ECF No. 49)**

The Wandries' emergency motion seeks to toll the redemption period, which they state will expire on October 10, 2026, and to file an amended complaint *nunc pro tunc*. ECF No. 49. Although Civil Rule 15(a)(2) favors leave to amend, leave may be denied when amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the Wandries' proposed amended complaint does not cure the defects in the existing Complaint and, therefore, would be futile.

Specifically, in the proposed amended complaint, the Wandries seek to present the following theory: they mailed rescission notices in 2024, which—under their reading of TILA and *Jesinoski*—immediately rescinded the loan and voided the mortgage by operation of law. ECF No. 49 at PageID.452. They further contend that Planet's ensuing foreclosure was unlawful. *Id.* at PageID.452–53. But the mortgage financed the purchase of their home, as the Wandries themselves describe it. ECF No. 44 at PageID.376 ("Plaintiffs consummated the transaction on April 27,

2023."); *see also* ECF No. 23-1 at PageID.142 (mortgage dated April 27, 2023). Because the mortgage financed the Wandries' acquisition of their home, it was a "residential mortgage transaction" exempt from § 1635's rescission provisions. *See* 15 U.S.C. § 1602(x) (defining a residential mortgage transaction as "a transaction in which a mortgage . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"); *see also* 15 U.S.C. § 1635(e)(1) (exempting residential mortgage transactions from rescission provisions). Nor does *Jesinoski* create a right to rescind an exempt transaction. 574 U.S. at 261–62 (holding that a borrower exercises an existing rescission right by written notice, rather than by filing suit, because "rescission is effected when the borrower notifies the creditor of his intention to rescind"). Therefore, this claim is futile. *See id.*

The Wandries' proposed amended complaint also seeks to set aside the sheriff's sale based on an asserted violation of Michigan's foreclosure-by-advertisement statute, MICH. COMP. LAWS § 600.3204. ECF No. 49 at PageID.454. The Wandries identify Planet as a mortgage servicer and allege, without supporting factual detail, that it lacked a *prima facie* valid chain of title. *Id.* at PageID.451, 453. But this claim misreads Michigan law. Section 600.3204(1)(b) bars foreclosure by advertisement only when an action to recover mortgage debt is pending, and here, the Wandries' lawsuit *challenging* their mortgage debt is not such an action. *See*

*Witek v. Mortg. Elec. Registration Sys., Inc.*, No. 1:11-CV-216, 2012 WL 2261363, at *3 (W.D. Mich. June 15, 2012) ("This provision bars foreclosure by advertisement if an action has been brought by the lender or mortgage holder. This provision does not address an action filed by the mortgagor."); *see also Lee v. Clary*, 38 Mich. 223, 227 (1878) (explaining that the statute "clearly refers to suits on the debt" and is intended to prevent simultaneous proceedings "to prosecute the personal liability of the mortgagor and pursue the land"). And § 600.3204(1)(d) expressly permits a mortgage servicer to foreclose by advertisement. Accordingly, the Wandries' conclusory chain-of-title allegation does not state a plausible claim. *See* MICH. COMP. LAWS § 600.3204(1)(d); *see also Witek*, 2012 WL 2261363, at *3.

Because amendment would be futile and the Wandries have supplied no viable basis for equitable relief, the emergency motion, including its requests for tolling and leave to amend, will be denied.

Finally, because this Court will adopt the R&R in full and deny leave to amend, the Wandries' outstanding, miscellaneous motions, ECF Nos. 25; 28; 31; 33, will be denied as moot. *See Wilburn v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 771 F. Supp. 3d 950, 962 (E.D. Mich. 2025) (denying pending motion as moot after having found that the complaint would be dismissed in full).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiffs' Objections and Supplemental Objection, ECF Nos. 44; 45, are **OVERRULED**.

Further, it is **ORDERED** that Plaintiffs' Motion for Oral Hearing, ECF No. 47, is **DENIED**.

Further, it is **ORDERED** that Plaintiffs' Emergency Motion to Toll the Statutory Redemption Period and for Leave to File an Amended Complaint Nunc Pro Tunc, ECF No. 49, is **DENIED**.

Further, it is **ORDERED** that the Report and Recommendation, ECF No. 43, is **ADOPTED IN FULL**.

Further, it is **ORDERED** that Defendant's Motion to Dismiss, ECF No. 23, is **GRANTED**, thereby **DISMISSING THE CASE WITH PREJUDICE**.

Further, it is **ORDERED** that Plaintiffs' miscellaneous motions, ECF Nos. 25; 28; 31; 33, are **DENIED AS MOOT**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: September 28, 2026